Case 2:09-cr-06039-WFN   Document 470   Filed 07/26/12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | NO.   CR-09-6039-WFN-1 |
| -vs- | ) | ORDER DENYING PETITIONER'S MOTION FOR REDUCTION OF SENTENCE |
| JERONIMO BARRAGAN NAVA, a/k/a Juan Ochoa-Vasquez, | ) ) ) | |
| Defendant. | ) | |

Before the Court is Petitioner's post-conviction Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) (ECF No. 469). On January 7, 2010, with the benefit of a Plea Agreement, Petitioner pled guilty to (1) distribution of 50 grams or more of pure methamphetamine, (2) distribution of 50 grams or more of a mixture or substance containing methamphetamine, (3) possession with intent to distribute cocaine, and (4) conspiracy to distribute 50 grams or more of pure methamphetamine.

Presently, Petitioner attacks his sentence on the grounds that if he were sentence today, he would be eligible for a four point offense level reduction through the fast-track program. Petitioner argues that this reduction should retroactively apply to him as he has "only once been deported but has never been convicted of illegal reentry," and because this district was not a fast-track district in 2010. (ECF No. 469 at 6). Despite Petitioner's statement to the contrary, this district had adopted the fast-track program when Petitioner was sentenced in 2010. However, the fast-track program is applicable only to felony reentry cases. Petitioner was not charged with illegal reentry and so he has never been eligible for a fast-track offense level reduction.

ORDER - 1

The Court also notes that Petitioner's Plea Agreement includes the following language:

> In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive his right to appeal his conviction and sentence if the Court imposes a period of incarceration of no longer than one hundred and ninety-eight months (16 and a half years) incarceration followed by six-year term of supervised release, forfeiture, and imposes a special penalty assessment of $400. Also, if sentenced to a term described above, or lower, the *Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence*, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant·by the time the Court imposes the sentence. If, however, the Court imposes a term higher than that described above, the Defendant reserves the right to appeal his sentence.

ECF No. 259 at 11 (emphasis added). On April 5, 2010, Petitioner was sentenced by this Court to 198 months imprisonment, five years of supervised release, and a $400 special penalty assessment. By filing his current post-conviction Motion attacking his sentence, Petitioner appears to violate the plain language of the Plea Agreement. Due to the possibly harsh consequences of pursuing post-conviction motions attacking his sentence, the Court reminds Petitioner of his prior agreement. Accordingly,

**IT IS ORDERED** that Petitioner's post-conviction Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2), filed July 2, 2012, **ECF No. 469**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to Petitioner.

**DATED** this 26th day of July, 2012.

07-24-12

                                           s/ Wm. Fremming Nielsen
                                           WM. FREMMING NIELSEN
                              SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2